b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| CORE GROUP RESOURCES, L.L.C., Plaintiff | CIVIL DOCKET NO. 1:23-CV-01000 |
| VERSUS | DISTRICT JUDGE EDWARDS |
| BRIAN BARFIELD, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Defendant Brian Barfield ("Barfield") filed a Motion to Abstain and Dismiss (ECF No. 6) pursuant to Fed. R. Civ. P. 12(b)(1).

Because the relevant factors weigh in favor of abstention, Barfield's Motion to Abstain and Dismiss (ECF No. 6) should be GRANTED.

I. Background

This is a declaratory judgment action filed by Plaintiff Core Group Resources, L.L.C. ("Core Group") against Defendant Brian Barfield ("Barfield"). Core Group seeks a finding that Barfield is not a "seaman." The Court in this case has diversity jurisdiction – Barfield is a resident and citizen of Louisiana, and Core Group is a citizen of Texas. ECF No. 9.

Core Group also filed a "Notice of Collateral Proceedings" pursuant to Local Rule 3.1 as to Docket No. 6:22-CV-00566, *Bully 1 (Switzerland) GMBH, as Owner and Noble Drilling (U.S.), L.L.C. and Noble Drilling (U.S., L.L.C., as Owner Pro Hac*

*Vice of the Globetrotter II v. Alexander, et al.* ECF No. 1. Core Group contends the same operative facts involved in this case are also involved in that case.

The procedural history of these matters is set forth below.

*In the Matter of Bully 1 (Switzerland) GMBH, et al. v. Alexander, et al.,* Docket No. 6:22-CV-00566, was filed in the Lafayette Division of this Court in February 2022. That action is filed pursuant to maritime law, 46 U.S.C. § 30501, *et seq.*, for "exoneration from or limitation of liability" arising from or relating to the voyage of the *Globetrotter II* on or about August 29, 2021 in the Gulf of Mexico off of the Louisiana Coast ("the incident").[1] In that action, the marine vessel owners seek to limit their liability for injuries and property damage that occurred on, or involved, the *Globetrotter II* during Hurricane Ida by filing that action and identifying all potential claimants. There are over 90 named defendants and potential claimants in that suit. The Court ordered all potential claimants to file a claim and/or an answer by April 14, 2022.[2] Docket No. 6:22-CV-00566, ECF No. 4. Approximately 59 claims were filed.

---

[1] 46 U.S.C.A. § 30529(a), In general:

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action must be brought within 6 months after a claimant gives the owner written notice of a claim.

[2] That deadline was appropriate under 46 U.S.C. 31526(b), but was shorter than the three-year limitation period for actions under general maritime law and the Jones Act. *See Pretus v. Diamond Offshore Drilling, Inc.,* 571 F.3d 478, (5th Cir. 2009) (citing 46 U.S.C. §§ 30104, 30106).

Core Group is not a named party in that case. However, Core Group contends it "provides staffing services to various companies that operate both on land and offshore in a wide range of industries," that it employed Barfield, and that it issued Barfield an offer of employment on temporary assignment to the *Globetrotter II*. Docket No. 23:01000, ECF No. 10 at 2. Barfield was named as a potential claimant in Docket No. 6:22-CV-00566.

Barfield's attorneys represent several potential claimants in Docket No. 6:22-CV-00566 and timely filed their claims, except for Barfield's claim, which was overlooked. All potential claimants who did not file claims by the deadline, including Barfield, were "defaulted."[3] Docket No. 6:22-CV-0056, ECF No. 74. In August 2023, Barfield's attorneys requested leave to file an out-of-time claim, which was denied in November 2023. Docket No. 6:22-CV-00566, ECF Nos. 248, 267.

Meanwhile, in July 2023, Core Group filed an action for a declaratory judgment in the Lafayette Division of this Court. Core Group seeks to have Barfield found to not be a seaman and not entitled to relief under the Jones Act, 46 U.S.C. § 30103, et seq., or under general maritime law, including entitlement to maintenance and cure. That motion was transferred from the Lafyette Division to the Alexandria Division of this Court.

---

[3] It is unclear what the "default" means in the context of that action, other than barring the potential claimants from filing a claim. The "defaulted" potential claimants have not been terminated as parties in that action, and are shown as "claimants" on the docket.

In October 2023, Barfield filed a suit in a Texas state court against Core Group, asserting claims as a seaman under the Jones Act, 28 U.S.C. § 1333, general maritime law, and Texas state law, for maintenance and cure, damages for negligence, punitive damages, interest, and costs.[4]  ECF No. 6-1 at 1, No. 6-2.

Also in October 2023, Barfield filed a Motion to Dismiss Core Group's declaratory judgment action pursuant to Rule 12(b)(1), contending this Court should abstain from deciding the case.  Core Group opposes that motion.

II.   Law and Analysis

>   Abstention from the exercise of federal jurisdiction is the exception, not the rule.  "The doctrine of abstention, under which a district court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the State court would clearly serve an important countervailing interest."

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 14 (U.S. 1983) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976)).

"[W]hen a district court is considering abstaining from exercising jurisdiction over a declaratory judgment action, it must apply the standard derived from *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942)."  *New England Insurance*

---

[4] Because Barfield could no longer file a claim against the vessel owners, 46 U.S.C.A. § 30529(c) (cessation of other actions), he filed his claims against his employer, Core Group.

*Co. v. Barnett*, 561 F.3d 392, 394 (5th Cir. 2009). "The <u>Brillhart</u> standard affords a district court broad discretion in determining whether to hear an action brought pursuant to the Declaratory Judgment Act." *New England Insurance Co.*, 561 F.3d at 394 (citing *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282-83 (1995)).

"The purpose of the Declaratory Judgment Act is to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after the damage has accrued" and "to provide a means of settling an actual controversy before it ripens into a violation of the civil or criminal law, or a breach of a contractual duty." *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5th Cir. 1989). "There is . . . nothing automatic or obligatory about the assumption of 'jurisdiction' by a federal court to hear a declaratory judgment action." *Wilton*, 515 U.S. at 288 (quoting E. Borchard, *Declaratory Judgments*, at 313 (2d Ed. 1941)). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* "Consistent with the nonobligatory nature of the remedy, a district court is authorized, in its discretion, to stay or to dismiss a declaratory judgment" action. *Id.*

"Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state

court litigation should be avoided." *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 663-64 (1978) (quoting *Brillhart,* 316 U.S. at 495). "[A] district court's decision to defer proceedings because of concurrent state litigation is generally committed to the discretion of that court." *Will*, 437 U.S. at 665.

A district court, in making its determination, "should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court." *Trent v. National City Bank of Indiana*, 145 Fed. Appx. 896, 899 (5th Cir. 2005) (quoting *Brillhart*, 316 U.S. at 495). "The Fifth Circuit uses the *Trejo* factors to guide a district court's exercise of discretion to accept or decline jurisdiction over a declaratory judgment suit." *Sherwin-Williams Co. v. Holmes County*, 343 F.3d 383, 390 (5th Cir. 2003). In *St. Paul Insurance Co. v. Trejo,* 39 F.3d 585 (5th Cir. 1994), the Fifth Circuit identified seven nonexclusive factors for a district court to consider in deciding whether to decide or dismiss a declaratory action:

>   (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
>
>   (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
>
>   (3) whether the plaintiff engaged in forum shopping in bringing the suit;
>
>   (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

> (5) whether the federal court is a convenient forum for the parties and witnesses;
>
> (6) whether retaining the lawsuit would serve the purposes of judicial economy; and
>
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Sherwin-Williams Co.*, 343 F.3d 383, 388 (5th Cir. 2003) (citing *Trejo*, 39 F.3d at 590-91). The district court's analysis focuses on: (1) the proper allocation of decision-making between state and federal courts (*Trejo* factors 1, 7); (2) fairness (*Trejo* factors 2, 3, 4); and (3) efficiency (*Trejo* factors 1, 5, 6). *See Sherwin-Williams Co.*, 343 F.3d at 391-92.

### A.    Proper Allocation of Decision-Making

"[I]f the federal declaratory judgment action raises only issues of state law and a state case involving the same state law issue is pending, generally the state court should decide the case and the federal court should exercise its discretion to dismiss the federal suit." *Sherwin-Williams,* 343 F.3d at 390-91. "A federal court should be less inclined to hear a case if necessary parties are missing from the federal forum, because that leads to piecemeal litigation and duplication of effort in state and federal courts." *Id.* Thus, the *Trejo* factors applicable to this inquiry are: whether there is a pending state action in which all of the matters in controversy may be fully litigated; and whether the federal court is being called on to construe a state judicial decree

7

involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending. *Sherwin-Williams Co.*, 343 F.3d at 391.

Core Group filed this declaratory action against Barfield, seeking a determination as to whether Barfield is a seaman within the meaning of the Jones Act. Barfield has a suit against Core Group pending in a Texas state court (ECF No. 6-2), seeking maintenance and cure under the Jones Act, as well as other relief under general maritime law and Texas state law. Although both the declaratory judgment action and Barfield's action raise issues of federal law, Barfield's state action will settle the sole issue presented in this declaratory judgment action –whether Barfield is a seaman – as well as Barfield's other claims.

As to whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending, the Court has not been apprised of the status of the state court proceeding. But it is possible the state court has already or will soon deal with the issue of whether Barfield is a seaman. Abstention would avoid a potentially conflicting ruling by this Court.

Because continuing this declaratory judgment action will result in piecemeal litigation, and raises potential comity concerns, this factor favors abstention.

B. <u>Fairness</u>

The fairness inquiry analyzes whether the plaintiff is using the declaratory judgment process to gain access to a federal forum on improper or unfair grounds.

8

*Sherwin-Williams,* 343 F.3d at 391. The applicable *Trejo* factors are: whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant; whether the plaintiff engaged in forum shopping in bringing the suit; and whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist. *Sherwin-Williams,* 343 F.3d at 391.

Core Group filed its declaratory judgment action in anticipation of a lawsuit filed by Barfield. An in fact, Barfield filed his state court action three months later. There is no evidenced indication that Core Group was improperly and abusively forum-shopping.

However, a declaratory judgment in this Court as to one aspect of Barfield's case in state court would create piecemeal litigation. That determination would thus create potential inequity and confusion as it relates to the state court litigation.

The interests of fairness militate slightly in favor of abstention.

C. **Efficiency**

"A federal district court should avoid duplicative or piecemeal litigation where possible." *Sherwin-Williams Co.*, 343 F.3d at 391. "Duplicative litigation may also raise federalism or comity concerns because of the potential for inconsistent state and federal court judgments, especially in cases involving state law issues." *Sherwin-Williams Co.*, 343 F.3d at 391. The efficiency inquiry thus involves determinations as to: whether there is a pending state action in which all of the matters in controversy may be fully litigated; whether the federal court is a convenient forum

for the parties and witnesses; and whether retaining the lawsuit would serve the purposes of judicial economy. *See Sherwin-Williams Co.*, 343 F.3d at 391-92.

As discussed above, there is a pending state action in which all of the matters in this declaratory judgment action will be litigated.

The federal court is not a convenient forum for Barfield because his claims against the owners of the *M/V Globetrotter II* were defaulted in Docket No. 6:22-CV-00566. However, because the three-year limitation period under maritime law had not yet run, Barfield was able to file his claims against Core Group in the Texas state court.

Overall, retaining this declaratory action would not serve the purposes of judicial economy. The Texas state court is able to decide the issue of whether Barfield is a seaman, as well as all other related claims, and may already have done so.

The interests of judicial efficiency favor abstention.

## II.   Conclusion

Because the factors weigh in favor of abstention, Barfield's Motion to Abstain and Dismiss (ECF No. 6) should be GRANTED and Core Group's Declaratory Judgment Action should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __15th__ day of August 2024.

Joseph H.L. Perez-Montes
United States Magistrate Judge